PANIAGUA, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, RECURRIDO.

No. 584.—*Sometido:* Febrero 29, 1924.   *Resuelto:* Abril 15, 1924.

RECTIFICACIÓN DE ASIENTOS EN EL REGISTRO—ERRORES DE CONCEPTO—CONSENTIMIENTO.—Tratándose en este caso de hacer constar por acta aclaratoria que una parcela que se dijo segregada de una finca que es objeto de anotación de demanda no está afecta a las resultancias del pleito anotado por no ser segregación de dicha finca sino de otra distinta, error que no resulta de la anotación que se pretende rectificar, es de aplicación el artículo 256 de la Ley Hipotecaria preceptivo de que los errores de concepto cometidos en inscripciones, anotaciones o cancelaciones o en los asientos referentes a ellos, cuando no resultan claramente de las mismas, no se rectificarán sin el acuerdo unánime de todos los interesados y del registrador o una providencia judicial que lo ordene.

NOTA de *Tirado Verrier,* R. (San Juan, Sección Primera), en escritura de rectificación. *Confirmada.*

*Llorens & Arroyo,* abogados de la recurrente. El registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Bernabé Sabalier era dueño según el registro de la propiedad de la finca número 1923 de la cual segregó y vendió a la Federación Libre de Trabajadores de Puerto Rico una parcela de 487 metros con 25 centímetros cuadrados que originó la finca número 663 que compró luego el Banco de San Juan. El resto que quedó a Sabalier de la finca número 1923, con deducción de algunos solares que había enajenado, lo vendió en su nombre su apoderado Santiago Iglesias al Banco de San Juan, teniendo ahora esa inscripción una nota marginal puesta en julio de 1921 de haber sido interpuesta una demanda por Sabalier contra Santiago Iglesias y contra el Banco de San Juan interesando se declare la nulidad e inexistencia de la expresada venta.

El Banco de San Juan vendió a Luisa Paniagua un solar de 383 metros y 74 centímetros cuadrados que fué inscrito en 1923 con el número 2292, después de la anotación de la demanda, como segregación de la finca Melilla que es la que antes hemos mencionado en segundo término comprada por el banco al apoderado de Sabalier, y posteriormente se presentó en el registro otra escritura otorgada por el banco y por Luisa Paniagua haciendo constar que esa venta no es segregación de la finca Melilla como se dijo en la escritura de venta sino de la otra parcela que el banco compró a la Federación Libre de Trabajadores, procedente también de Sabalier. Al pie de esa escritura de rectificación el registrador puso la siguiente nota:

"Inscrita la rectificación a que se refiere este documento con vista de la autorización del Banco de San Juan, en cuanto al resto que queda a Doña Luisa Paniagua en virtud de haber segregado una porción de 181 metros 83 centímetros cuadrados, al folio 113 . vuelto del tomo 36 de Santurce Sur, finca número 2292, inscripción segunda, en cuyo asiento no se ha rectificado el estado de cargas en cuanto a la demanda de Bernabé Sabalier por no haber intervenido este demandante en la escritura."

La cuestión propuesta por la recurrente Paniagua es que el registrador debe hacer la rectificación constante en esa escritura en las inscripciones de la finca 1923, que es la primitiva finca de Sabalier y cuyo resto vendió su apoderado al Banco de San Juan, y en la 2292, que es la inscripción de la compra hecha por la recurrente, haciendo constar que la segregación de la finca 2292 procede de la número 663 y no de la número 1923.

Aunque no consta de los documentos que nos han sido presentados para resolver este recurso, al hacer el registrador la inscripción primera de la finca número 2292 a favor de Luisa Paniagua como segregación de la finca Melilla que el Banco de San Juan compró al apoderado de Sabalier como resto de la finca número 1923, tuvo que hacer constar en ésta por nota marginal la segregación expresada, como así lo reconoce la recurrente en su alegato que ocurrió y, por esto, para que la rectificación pueda hacerse constar en la finca 1923 que reclama Sabalier y en la 2292 que es parte segregada de aquélla para Luisa Paniagua es necesario el consentimiento de Bernabé Sabalier por exigirlo así el estado de derecho creado en el registro, aunque por la rectificación parezca que se restituya a la finca Melilla número 1923 lo que de ella se decía haber sido segregado y que por tal motivo no resulte aparente perjuicio para Sabalier, pues se pretende que se rectifique un error que no es material (*clerical*) sino de concepto, porque se trata de hacer constar que una parcela que se dijo segregada de una finca que es objeto de un pleito no está afecta a las resultancias del mismo por no ser segregación de dicha finca sino de otra distinta, error que no resulta de la anotación que se pretende rectificar por lo que es de aplicación el artículo 256 de la Ley Hipotecaria preceptivo de que los errores de conceptos cometidos en inscripciones, anotaciones o cancelaciones o en los asientos referentes a ellos, cuando no resultan claramente de las mismas, no se

réctificarán sin el acuerdo unánime de todos los interesados y del registrador o una providencia judicial que lo ordene.

Por consiguiente, para la rectificación que interesa la recurrente es necesario el consentimiento de Sabalier como alega el registrador, por lo que la *nota recurrida debe ser confirmada.*

El Juez Presidente Señor del Toro no intervino en la resolución de este caso.

El Juez Asociado Sr. Franco Soto disintió.